IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CYNTHIA BANION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY AND RICK CALVERT, | § | |
| | § | JURY DEMAND |
| Defendants. | § | |

### DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE COURT:

Defendant GeoVera Specialty Insurance Company ("GeoVera") files this, its Notice of Removal to the United States District Court for the Southern District of Texas, Houston Division, on the basis of diversity of citizenship and amount in controversy and respectfully shows:

### I.
### FACTUAL AND PROCEDURAL BACKGROUND

1.  On May 12 2015, Plaintiff Cynthia Banion filed her Original Petition in the matter styled *Cynthia Banion v. GeoVera Specialty Insurance Company, et al*, Cause No. 15-CCV-055066, in County Court at Law Number 1 in Fort Bend County, Texas, naming GeoVera Specialty Insurance Company as a Defendant. The lawsuit arises out of a claim Plaintiff made for damages to her home under a homeowner's insurance policy with GeoVera Specialty Insurance Company.

2.  Plaintiff served GeoVera with a copy of the Original Petition on or about May 20, 2015.

**DEFENDANT'S NOTICE OF REMOVAL – Page 1**
2219763v1
08917.287

3. Upon information and belief, Plaintiff has not served Rick Calvert ("Calvert") with a copy of the Original Petition.

4. GeoVera files this Notice of Removal within 30 days of the filing of Plaintiff's pleading. *See* 28 U.S.C. §1446(b). This Notice of Removal is being filed within one year of the commencement of this action. *See id.*

5. Copies of all pleadings, process, orders, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a). A copy of this Notice is also concurrently being filed with the state court and served upon the Plaintiff.

6. As required by 28 U.S.C. § 1446(a) and Rule 81 of the Local Rules, simultaneously with the filing of this Notice of Removal is an Index of Matters Being Filed is attached hereto as Exhibit "A," a copy of the state court Docket Sheet is attached hereto as Exhibit "B," a copy of the Citation issued for GeoVera is attached hereto as Exhibit "C," a copy of the Citation issued for Calvert is attached hereto as Exhibit "D," Plaintiff's Original Petition is attached hereto as Exhibit "E," and Defendant's List of the Parties to the Case and Counsel is attached hereto as Exhibit "F."

7. Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Fort Bend County, Texas, the place where the removed action has been pending and where the property in dispute is located.

## II.
## BASIS FOR REMOVAL

8. Removal is proper based on diversity of citizenship under 28 U.S.C. §§1332(a), 1441(a) and 1446.

A. <u>The Proper Parties Are Of Diverse Citizenship</u>

9. Upon information and belief, Plaintiff is, and was at the time suit was filed, a

resident of Fort Bend County, Texas, and a citizen of the State of Texas. *See* Pl's Orig. Pet. ¶¶ 1, 4, attached hereto as Exhibit "E."

10.  Defendant GeoVera is, and was at the time the lawsuit was filed, a citizen of the State of California. GeoVera is incorporated under the laws of the State of California, with its principal place of business in Fairfield, California.

11.  Upon information and belief, Defendant Calvert is, and was at the time the lawsuit was filed, a resident and citizen of the State of Texas.

12.  With respect to the claims against Calvert, it is GeoVera's position that Calvert has been fraudulently joined in this action. Therefore, the Texas citizenship of Calvert should be disregarded for the purposes of evaluating diversity in this matter.

13.  When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists. *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990), *cert. denied*, 498 U.S. 817 (1990). The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party. *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

14.  Here, Plaintiff asserts generic claims against "Defendant Insurance Adjuster" Calvert for violations of the Texas Insurance Code, as well as violations of the Deceptive Trade Practices Act, fraud, and conspiracy. *See* Pl's Original Pet. at Counts 3, 5, 6, and 7, attached hereto as Exhibit "E." Based on Plaintiff's pleading, there is no basis for predicting that Plaintiff might be able to establish liability against Calvert because no real facts relating to him have been set forth. Plaintiff's claims against Calvert consist merely of labels, conclusions, and formulaic recitations of the elements of causes of action. *See Bell Atlantic Corp. v. Twombly*, 550 U.S.

554, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007). *See also Ashcroft v Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). As such, Plaintiff cannot "establish a cause of action against [Calvert] in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999)); *see also TAJ Properties, LLC v. Zurich American Ins. Co.*, Civil Action No. H-10-2512, 2010 WL 4923473 at *2 (S.D. Tex. Nov. 29, 2010) (Werlein, J.). Because there is no reasonable basis for this Court to predict that the Plaintiff might be able to recover against Calvert, his presence should be disregarded in determining diversity jurisdiction.

15. Because Plaintiff is a citizen of Texas and Defendant GeoVera is a citizen of California, complete diversity of citizenship exists among the proper parties.

B. **Amount in Controversy Exceeds $75,000.00**

16. This is a civil action in which the amount in controversy exceeds $75,000.00. In her complaint, Plaintiff alleges a variety of claims arising from "a claim to [GeoVera] with a Date of Loss for damage to the dwelling and contents of the home" under the Plaintiff's residential insurance policy. *See* Pl's Original Pet. ¶¶ 10, 14, attached hereto as Exhibit "E." Specifically, but without limitation, Plaintiff alleges that Defendant GeoVera breached the insurance policy number GH50050461, with a Dwelling Limit of $193,000, An Other Structures Limit of $19,300, a Personal Property Limit of $96,500, and a Loss of Use Limit of $38,600, for the property located at 13118 Worthington Street, Sugar Land, Texas 77478 (the property giving rise to the present dispute). *See* Exhibit "G," Declaration of Chris Gabriel, attached hereto and fully incorporated herein as if set out in full. In determining the amount in controversy, the Court may consider "policy limits ... penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

CONCLUSION AND PRAYER

17. All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441. Accordingly, Defendant GeoVera Specialty Insurance Company hereby removes this case to this Court for trial and determination.

        Respectfully submitted,

        /s/ Rhonda J. Thompson
        RHONDA J. THOMPSON, ATTORNEY-IN-CHARGE
        State Bar No. 24029862
        Southern District No.: 17055
        LINDSEY SHINE LAWRENCE, OF COUNSEL
        State Bar No. 24053681
        Southern District No.: 882931
        CHRIS GABRIEL, OF COUNSEL
        State Bar. No. 24074237
        Southern District No. 1654572

        THOMPSON, COE, COUSINS & IRONS, LLP.
        700 N. Pearl Street, 25th Floor
        Dallas, Texas 75201
        (214) 871-8200 - Telephone
        (214) 871-8209 – Facsimile
        E-mail: rthompson@thompsoncoe.com
        E-mail: llawrence@thompsoncoe.com
        E-mail: cgabriel@thompsoncoe.com

        **COUNSEL FOR DEFENDANT GEOVERA SPECIALTY INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on June 8, 2015, a true and correct copy of the foregoing was delivered to the following counsel for Plaintiff in accordance with the applicable rules of civil procedure:

**Via Facsimile and Certified Mail, RRR:**
Eric Dick
Dick Law Firm, PLLC
4325 Tulsa Road
Houston, Texas 77092
  *Counsel for Plaintiff*

        */s/ Lindsey Shine Lawrence*
        Rhonda J. Thompson
        Lindsey Shine Lawrence
        Chris Gabriel