United States District Court
Southern District of Texas
**ENTERED**
December 15, 2016
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CYNTHIA BANION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-15-1595 |
| | § | |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY AND RICK CALVERT, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Cynthia Banion sued GeoVera Specialty Insurance Company to recover policy proceeds for damage to the insured property on a homeowner's insurance policy.  (Docket Entry No. 1-5, Ex. E). GeoVera counterclaimed, alleging that it had paid Banion $57,529.55 for the property damage and then discovered that Banion had never owned the property despite her representation to the contrary on the policy application.  (Docket Entry No. 16).  GeoVera's counterclaim included causes of action for fraud and unjust enrichment and sought attorney's fees and costs.

The court dismissed Banion's claim for want of prosecution after she missed several deadlines and hearings.  (Docket Entry No. 27).  GeoVera filed a motion for summary judgment on its unjust enrichment and attorney's fees claims.  (Docket Entry 32).  Banion did not respond.

Based on the court's review of the motion, the record evidence supporting the motion, and the applicable law, GeoVera's motion for summary judgment is granted as to the unjust enrichment claim, but denied as to the claim for attorney's fees and costs.  The reasons are stated below.

I.      **Background**

1

GeoVera's motion for summary judgment and accompanying evidence shows that Banion applied for a residential property insurance policy from GeoVera in March 2015.  The policy covered a house in Sugar Land, Texas.  (Docket Entry No. 32-3, Ex. C at 1).  The policy application is styled a "Homeowner Application." The application, which Banion signed under the declaration that the information was "true and complete," stated that the residence was occupied by "Owner Only."  (*Id.*).  The Application also stated that the applicant's signature was intended to induce GeoVera to issue the insurance policy.  (*Id.* at 4).

GeoVera issued the residential insurance policy covering the property.  (Docket Entry No. 32-1, Ex. A at 2; Docket Entry No. 32-2, Ex. B).  James Perfetti, a GeoVera Senior Claim Representative, swore to an affidavit stating that the application misrepresented that Banion owned the house and that there were no mortgages on it.  Perfetti also stated that GeoVera would not have issued the policy if it knew that Banion did not own the house.  (Docket Entry No. 32-1, Ex. A at 2).  The policy allowed GeoVera to cancel if it discovered that the applicant made material false statements in the policy application.  (Docket Entry No. 32-2, Ex. B at 40).

Banion made a claim for water damage under the policy.  GeoVera paid Banion $57,529.55 in preliminary payments while it investigated.  (*Id.*; Docket Entry No. 32-14, Ex. N (cashed checks from GeoVera to Banion)).  In the investigation, GeoVera asked Banion for documents showing her ownership of the property.  Banion sent GeoVera a document titled "Contract for Sale of Personal Property" between herself and Reliable Resource, Inc., and a promissory note she owed to Reliable Resources Emergency Response Team, Inc.  (Docket Entry No. 32-5, Ex. E).  The contract required a down payment of $15,000 in March of 2015, stated that the property was free and clear of liens and indebtedness, and stated that the contract was for a deed.  The seller would retain the deed to

2

the property until the promissory note was paid.  The promissory note required monthly payments of $1,259.35.

In investigating  Banion's water-damage claim, GeoVera discovered several facts that, it says, bear on whether Banion ever owned the property.  The County property records showed that from April 2013 until August 2015, the property owner was Reliable Resources Emergency Response Team, Inc., not Banion or Reliable Resource, Inc.  (Docket Entry No. 32-6, Ex. E).  There was also a recorded mortgage on the property, contrary to the representation in the contract for deed.  (Docket Entry No. 32-7, Ex. G).  The mortgagee, one B&C Homes LLC, appears to have foreclosed on the property in August 2015.  (Docket Entry No. 32-8, Ex. H).

During the investigation, Banion submitted to a sworn examination by GeoVera's attorneys.  In that examination, Banion gave several ambiguous and inconsistent answers about her ownership of the property.  She stated that when the water damage occurred, Reliable's owners came to look at the house.  (Docket Entry No. 32-4, Ex. D at 4-5).  Asked why they came, she stated that "it's still their house."  (*Id.* at 5).  She was then asked whether she had already bought the house.  She replied, "I'm buying it, yes."  (*Id.*).  When asked whether she believed she owned the house, she said: "In my mind, I own it but now, I don't want to own it."  (*Id.*).  And when asked again whether she had bought the house before the water damage occurred, she answered in the affirmative.  (*Id.*).

GeoVera denied Banion's claim when it discovered that she had never owned the house.  (Docket Entry No. 32-13, Ex. M).  GeoVera cancelled the policy and returned the premiums that Banion paid.  (Docket Entry 32-1, Ex. A at 2; Docket Entry 32-12, Ex. L).  GeoVera's stated reason for both actions was that Banion had incorrectly represented that she owned the house on her insurance application.

3

After GeoVera cancelled the policy, Banion filed this suit.  GeoVera counterclaimed for unjust enrichment, fraud, attorney's fees, and court costs.  Banion's claim was dismissed for want of prosecution, and GeoVera filed this motion for summary judgment on its counterclaims for unjust enrichment and attorney's fees.

## II.    Legal Standards

### A.    The Summary Judgment Standard

"Summary judgment is required when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Trent v. Wade*, 776 F.3d 368, 376 (5th Cir. 2015) (quoting FED. R. CIV. P. 56(a)).  "A genuine dispute of material fact exists when the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Nola Spice Designs, LLC v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).  "The moving party 'bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Id.* (quoting *EEOC v. LHC Grp., Inc.*, 773 F.3d 688, 694 (5th Cir. 2014)); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Id.* (quotation marks omitted); *see also Celotex*, 477 U.S. at 325.  Although the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact, it does not need to negate the elements of the nonmovant's case. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536,

540 (5th Cir. 2005). "A fact is 'material' if its resolution in favor of one party might affect the outcome of the lawsuit under governing law." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 326 (5th Cir. 2009) (quotation omitted). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

"Once the moving party [meets its initial burden], the nonmoving party must 'go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial.'" *Nola Spice*, 783 F.3d at 536 (quoting *LHC Grp.*, 773 F.3d at 694). The nonmovant must identify specific evidence in the record and articulate how that evidence supports that party's claim. *Baranowski v. Hart*, 486 F.3d 112, 119 (5th Cir. 2007). "This burden will not be satisfied by 'some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075). In deciding a summary-judgment motion, the court draws all reasonable inferences in the light most favorable to the nonmoving party. *Connors v. Graves*, 538 F.3d 373, 376 (5th Cir. 2008); *see also Nola Spice*, 783 F.3d at 536.

A party's failure to respond to an opponent's motion for summary judgment does not mean that the motion should be granted by default. Rather, the court must determine whether the movant has established a prima facie case on the issues on which it carries the burden of proof. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

**B.     The Unjust Enrichment Claim**

Texas courts recognize unjust enrichment as an independent cause of action.  *See, e.g.*, *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550 (5th Cir. 2010); *Elledge v. Friberg–Cooper Water Supply Corp.*, 240 S.W.3d 869, 870 (Tex. 2007); *Pepi Corp. v. Galliford*, 254 S.W.3d 457, 460 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("Unjust enrichment is an independent cause of action."). Unjust enrichment is an implied-contract basis for requiring restitution when it would be unjust to retain benefits received.  *Walker v. Cotter Props., Inc.*, 181 S.W.3d 895, 900 (Tex. App.—Dallas 2006, no pet.).  Unjust enrichment allows recovery "when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992).  Unjust enrichment includes a transfer to the defendant by the plaintiff, resulting in a material gain to the defendant and material loss by the plaintiff.  "A plaintiff may also recover under this equitable doctrine if a contemplated agreement is unenforceable, impossible, not fully performed, thwarted by mutual mistake, or void for other legal reasons." *Eun Bok Lee v. Ho Chang Lee*, 411 S.W.3d 95, 111 (Tex. App.—[14th Dist.] 2013).

### C.      Fee-Shifting Under the Texas Insurance Code

Section 541.153 of the Texas Insurance Code provides for fee-shifting "if the court finds that an action under this subchapter is groundless and brought in bad faith or brought for the purpose of harassment." TEX. INS. CODE ANN. § 541.153 (West).  The term "groundless" in section 17.50 of the Texas Business and Commerce Code "has the same meaning as 'groundless' under Rule 13 of the Texas Rules of Civil Procedure." *Donwerth v. Preston II Chrysler–Dodge, Inc.*, 775 S.W.2d 634, 637 (Tex.1989).  An action is "groundless" if it "has no basis in law or fact, and is not warranted by any good faith argument for extension, modification, or reversal of existing law." *Id.* at 637 (citing TEX. R. CIV. PRO. 13).  Determining whether an action is groundless requires a court

to consider whether "the totality of the tendered evidence demonstrates an arguable basis in fact and law for the [plaintiff's] claim." *Splettstosser v. Myer*, 779 S.W.2d 806, 808 (1989). A suit is brought in bad faith if it is "motivated by malicious or discriminatory purpose." *Riddick v. Quail Harbor Condominium Ass'n, Inc.*, 7 S.W.3d 663, 677 (Tex. App.—Houston [14th Dist.] 1999, no pet.).

## III.    Analysis

### A.    Unjust Enrichment

GeoVera is entitled to recover the $57,529.55 it paid Banion in the claims process, because Banion's representation that she owned the house was false and induced GeoVera to issue a policy that it would not have issued had it known the truth. GeoVera's summary judgment evidence shows that the seller listed on the contract did not own the property. (Docket Entry No. 32-6, Ex. E). And there was a recorded mortgage on the property senior to Banion's interest. (Docket Entry No. 32-7, Ex. G). The contract for deed was fatally deficient, first because a non-owner cannot convey property, and second because, under Texas law, a seller "may not execute a contract for deed . . . if the seller does not own the property in fee simple free from any liens or other encumbrances." TEX. PROP. CODE ANN. § 5.085(a) (West). Banion did not own the house when she filled out the "Homeowner Application" for residential insurance. But she signed the application with the statement that the property would be occupied by its "Owner Only." (Docket Entry No. 32-3, Ex. C). GeoVera relied on this representation and would not have issued the policy if it understood the truth: that Banion had no ownership interest in the property. (Docket Entry No. 32-1, Ex. A at 2). GeoVera paid back the premium payments. (Docket Entry 32-1, Ex. A at 2; Docket Entry 32-12, Ex. L). Banion kept those and also kept the money that GeoVera had paid her for the house damage.

7

These undisputed facts entitle GeoVera to summary judgment on its unjust enrichment claim.

GeoVera is entitled to recover $57,529.55 from Banion.

### B.      Fee-Shifting Under the Texas Insurance Code

GeoVera has not demonstrated its entitlement to recover its fees under the Texas Insurance Code.  To recover attorney's fees and costs, GeoVera had to prove not only that Banion's claim was legally groundless, but also that it was brought maliciously or for purposes of harassment. GeoVera's argument is a one-sentence assertion that, because it demonstrated that Banion did not own the property when she applied for the insurance, the lawsuit was both groundless and brought in bad faith or for purposes of harassment.  That is insufficient to demonstrate GeoVera's entitlement to attorney's fees.  There is no basis for concluding that Banion's claim was groundless or that Banion's claim was brought maliciously or for the purpose of harassment.  Fee-shifting under the Texas Insurance Code cannot be ordered on this record.

### IV.    Conclusion

GeoVera's motion for summary judgment is granted as to its unjust enrichment claim. GeoVera is entitled to recover the $57,529.55 that it paid to Banion during the claims process.  Its motion is denied as to its request for fee-shifting under the Texas Insurance Code.  Final judgment will be entered by separate order.

SIGNED on December 15, 2016, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge